## No. 7865.

### STATE OF LOUISIANA *vs.* A. W. TOMPKINS.

This Court cannot, in a criminal case, consider either a statement of facts made by the Judge *a quo* to explain his rulings, or one made by the Counsel of the accused, to explain his objections to the said rulings.

An Indictment is not defective, in a prosecution for embezzlement, because it does not disclose from whom the accused received the money charged to have been embezzled.

A demand for the money or property embezzled, and denial by the accused, of its receipt or possession ; or a failure or refusal to account or rendition of false account after demand, are not necessary and essential elements of the crime of embezzlement.

APPEAL from the Superior Criminal Court, parish of Orleans. *Whitaker*, J.

Kelly & Lazarus for Defendant and Appellant :

The information should have disclosed from whom the accused received the money charged to have been embezzled. 2 Archbold (Pomeroy's Ed.) p. 1338, 1341 ; 3 C. & Payne, 422 ; 5 C. & Payne, 300.

The information charges the accused as agent, and *not* as a depositary or bailee, and there is a variance between the fact alleged and the fact attempted to be proved. The evidence on this point should not have been received, and Defendant is entitled to a new trial.

Concealment or denial of the receipt of the property charged to have been embezzled, are essential elements of embezzlement. Archbold, p. 1953 ; 7 C. & Payne 833 ; *ib.* p. 834 ; 1 C. & Marshman, p. 422 ; 3 C. & Payne, 422 ; 6 Gray (Mass.) 15 ; 9 California, 314 ; 8 Cal., 42 ; 36 Texas, 647.

J. C. Egan, Attorney-General, *contra.*

The opinion of the Court was delivered by

LEVY, J. The defendant, A. W. Tompkins, was tried and convicted on an information for embezzlement.

The information charges that the defendant, being agent of one C. G. Hannah, did by virtue of such agency, and while he was acting as

agent, receive and take into his possession, for and in the name and on the account of said Hannah, his principal, certain money and other articles, and the said money and property so received did fraudulently and feloniously wrongfully use, dispose of, conceal, and otherwise em—bezzle.

After conviction by the jury defendant made a motion for a new trial, and also made a motion for arrest of judgment, both which were, refused.

Bills of Exception were taken by defendant to the charge of the Court : 1st, " that if the jury should conclude that the accused is not. guilty of embezzlement, they may find him guilty of grand or petit larceny, under section 1056 of the Revised Statutes of the State." The ground of objection thereto by the defendant is " that the provision of the statute referred to in the charge, allowing, in certain cases of em—bezzlement, an alternative verdict of larceny " does not apply to persons. charged in an indictment or information for embezzlement in the capacity of an agent. In the reasons given in the bill by the judge $a$ quo it is stated : " If the court erred in this charge, it did not affect the verdict, which was, that the accused was guilty of embezzlement;" the accused was not damaged thereby. This reason is adopted by us, and disposes of this exception.

2nd. On the examination of C. G. Hannah, the prosecuting witness, the District Attorney propounded the following question : " Did you give the accused any money as your agent to take care of for you, or did you deposit any money with him ? " Counsel for the defendant ob—jected to this question on the ground, 1st, that the information charged accused with having received the money from a person other than Hannah, his alleged principal, and while acting as agent and in that. capacity, and that the accused received the money for and not from his. alleged principal, and that there was a variance between the fact as. charged and the fact as attempted to be proved." The court held that this was part of the res gestœ, and admissible, and it was afterward: shown by the State that the money was deposited by the accused for the prosecuting witness with the hotel clerk, and by the clerk delivered to accused, who did not return it, but concealed its possession." 2d, " that the information does not disclose whether the money alleged to have come into the possession of accused, either from Hannah or from a third person, was then unconditionally to be returned to his alleged principal if entrusted by him, or to be transmitted or accounted for to said alleged. principal, if received as agent for a third party. The Court held that. this 2nd ground of objection could not be gone into by way of objection to testimony, and that this was not the proper mode for its presenta—tion." 3rd, " That the information charges the accused as agent, and:

not as a depositary or bailee, and there is a variance between the fact alleged and the fact attempted to be proved. As to the third point, the Court held that it was essential to prove the delivery of the money as agent, and that the question objected to tended to elicit the facts in that regard." We do not think there was error in the ruling of the lower Court. The jury was to judge as to the sufficiency of the proof to support the averment that the accused received the money and took into his possession as agent, and the question was directed to the elucidation of the facts of the receipt, delivery, and taking into possession, so that they might decide as to the character in which the money was held by accused.

The 3rd bill of exceptions is to the following rulings: Counsel for accused requested the Court to charge, 1st, " That concealment was one of the essential elements necessary to constitute the crime of embezzlement, and if there was no *concealment or denial* of the possession or receipt of the money or property alleged to have been embezzled, the accused must be acquitted."

Thereupon the Court charged that concealment was one of the essential elements of embezzlement, and if there was no concealment the accused must be acquitted. 2d. Counsel for accused requested the Court to charge further "that, to constitute concealment, there must have been a denial upon the part of the accused of the possession or of the receipt or of the custody of the money property, or a demand or something equivalent to a demand for the possession, or an account of the property, and a refusal to deliver or a denial of the possession or of the receipt of the property; and, that, although the failure to account for the property within a reasonable time after its receipt may be considered as a circumstance going to show a concealment, where accounts pass and are usual between the parties, and yet that fact independent and by itself is not sufficient to constitute concealment and a denial of the receipt of the property." And the Court refused to deliver all the second charge referred to in this bill on the ground that, " concealment of the misappropriation of the property entrusted to the accused as agent was sufficient to constitute, with the other necessary ingredients, the crime charged." The Court charged that the failure of the agent to account to his principal, if such failure had taken place, might be considered a circumstance going to show concealment, but declined to qualify that instruction by limiting the ruling to those cases where accounts pass and are usual between the parties. There is embodied in the reasons given by the judge *a quo* for his rulings on this exception a statement of facts which, he states: "is made to enable the higher tribunal to judge of the applicability of the instructions requested to the facts of the case, to which this Court could not refer in dealing with

the jury." 3d. Counsel for the accused asked the Court to charge the jury : " that twelve hours after the money and property are entrusted to the accused, and which he is alleged to have embezzled, is not a reasonable time within which to account without a demand or request for an account, even when accounts are usual between the parties, and there never having been a demand for the property nor an account asked for, from the time the alleged receipt of the property by the accused nor a demand nor a concealment of its possession or receipt, the accused is not guilty of embezzlement." The Court refused to charge the jury as requested in this third part of the application.

Counsel for the accused disagreeing as to the correctness of the " statement of facts " of the District Judge, made out and filed in the record, with his exceptions, a " statement of facts " in accordance with his understanding and recollection of them, giving the same reason therefor as was given by the judge a quo.

We can only conclude that the jury considered the testimony which was adduced before them, and as we cannot pass upon the facts of the case, we are not called upon nor can we consider either the statement made by the judge a quo or counsel of accused, or reconcile the differences in their statements.

We are of opinion that there is no error in the rulings of the Court a qua and the charge as given.

Time within which there is a failure to account is not essential to constitute concealment, but all the circumstances and facts may be considered by the jury as establishing the intent of the party.

It is contended by the counsel for defendant, that the information is defective because it does not disclose from whom the accused received the money charged to have been embezzled. Bishop on Criminal Law, § 347, says : " There is some difference in meaning, known to common use, between the words ' clerk,' ' agent' and ' servant,' but the cases on embezzlement seem to employ them almost interchangeably, especially clerk and servant." And we find it laid down in Wharton on Criminal Law, § 1941, that " it is not necessary in cases of servants and clerks to aver from whom the money was received."

In regard to the necessity of proof of demand and denial to constitute concealment, and failure to account or denial after demand or refusal to account or rendition of false account as being necessary and essential elements to constitute the crime charged, we do not think that they are such essential elements as are required to make out this case. There may be " wrongful use, disposition, and concealment," and embezzlement otherwise, as charged in the indictment, without denial or demand being made and without refusal to account or false account. In Commonwealth vs. Tuckerman, 10 Gray, 173, the Court held : " It may be

embezzlement, although there has been no demand of the property alleged to have been embezzled, or denial of its receipt, or false account given of it, or false statement or false entry concerning it, or a refusal to account for it."

And in Commonwealth vs. Hussey, 111 Mass. 432, it was held : "The fiduciary relation essential in embezzlement is sufficiently expressed by the averment that the property was delivered to the defendant upon the trust and confidence that he would return it to the owner on demand. A fraudulent conversion to the defendant's own use would be embezzlement, whether demand were made or not, and therefore such demand need neither be averred nor proved." See, also, People vs. Dalton, 15 Wend. 581.

The reasons which we have herein given cover the grounds on which the motion for arrest of judgment was based, and we are of opinion that this motion was properly denied.

The judgment of the lower court is therefore affirmed.