CASE 28.—INDICTMENT ·AGAINST JOHN W. KELLEY FOR
EMBEZZLEMENT.—April 10.

# Commonwealth v. Kelley

Appeal from Trigg Circuit Court.

ROBERT CRENSHAW, Special Judge.

From a judgment sustaining a demurrer to the indictment the commonwealth appeals.—Reversed.

Embezzlement—Indictment—Sufficiency—Necessity for Alleging
Demand.—Under Acts 1902, p. 151, c. 66, providing that any
person who shall sell or dispose of or convert to his own
use, etc., any money, property, or other things of value,
without the consent of the owner thereof, shall be punished,
etc., where a trustee fraudulently converts to his own use
the personal property of his cestui que trust, the indictment
need not allege a demand for payment or refusal on the
part of the accused to pay over.

N. B. HAYS, Atty. Gen'l. & CHAS. H. MORRIS, W. T. FOW-
LER AND BREATHITT & BELL for Appellant.

1. In this State, the gist of the offense is the fraudulent or
unlawful conversion, without the consent of the owner and we
take the broad position that a demand has neither to be alleged
nor proven, in order to constitute guilt of the offense denounced
by this Act of 1902.

2. In some states, New Jersey, Michigan and California, among
many others, it has been held that a demand is only one means
of proving fraudulent conversion, and that it need not be alleged,
and if other evidence is available, the demand need not be
proven. (State v. Reynolds, 65 N. J. L., 424; People v. Royce,
106, Cal., 173).

3. Even in the state of Illinois, where it has been held that
demand must be alleged, it has been held that if the embezzler
absconds, the demand need not be proven. (Kassakwaski v.
People, 117, Ill., 563).

4.   So the rule is not absolute even there, for it would seem that if the indictment should allege that the embezzler had absconded, then the allegation of demand would be entirely unnecessary.

5.   "Proof of a felonious conversion is all that is required, unless the Statute requires that a demand should he made." (Wallis v. State, 54 Ark., 611; State v. Tompkins, 32 La., Ann., 620; Commonwealth v. Tuckerman, 10 Gray, 173; State v. Porter, 26 Mo., 201).

6.   "A fraudulent conversion to the defendant's own use would be embezzlement, whether demand were made or not." (Cane v. Hussey, 11 Mass., 432; State v. New, 22 Minn. 76).

### ADDITIONAL AUTHORITIES FOR APPELLANT.

Commonwealth v. Lewis, 11 Ky. Law Rep., 421; Acts of 1902, p. 151; Commonwealth v. Fisher, 24 Ky. Law Rep., 300; Commonwealth v. Bodley, 17 Ky. Law Rep., 561; Sec. 1205 Ky. Statutes; Commonwealth v. Stout, 7 B. Mon., 242; Commonwealth v. shearer, 4 Ky. Law Rep., 343; Commonwealth v. McCrary, 3 Ky. Law Rep., 241).

JAS. B. GARNETT, R. A. BURNETT, G. P. THOMAS for Appellee.

1.   We submit that a demand of the money and a refusual to pay over to the person having the legal right to make the demand, must be alleged in the indictment, in order to constitute a good indictment.

2.   We do not think that the offense of embezzlement or misappropriating trust funds can be committed until there has been a demand, by a person having the legal right to make the demand, for the payment of funds so held in trust. And a failure or refusal of the trustee, to pay same has occurred. It is the very essence of the offense.

We are supported in this view by a decision of this court, rendered in the case of the Commonwealth of Kentucky v. Lewis, 11 Ky. Law Rep., 421. The opinion in that case clearly establishes our contention; that the indictment in the case at bar is bad, and that the lower court very properly sustained a demurrer thereto. This court said in the case above quoted that; "It seems to us, to make out the offense, it is necessary to charge not merely that he had used the money for his own benefit, but had failed and refused to account for, or pay it over at the time, in the

manner and for the purpose required by law, for which he stands bound and ready to do so, when legally required, there can be no embezzlement."

This case, in our opinion, conclusively settles the law, that a demand must be alleged in the indictment. No demand having been alleged in the indictment against the appellee, the lower court properly sustained a demurrer thereto.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellee, John W. Kelly, was indicted by the grand jury of Trigg county, charged with the offense of embezzeling certain money and notes which were in his hands as master commisisoner of the Trigg circuit court. A general demurrer to the indictment was interposed by the defendant and sustained by the court, and the indictment dismissed. From this judgment, the commonwealth has appealed.

As the question involved is both novel and important, we insert the indictment and the act under which it was found in full: "The grand jury of Trigg county, in the name and by the authority of the commonwealth of Kentucky, accuse John W. Kelly of the crime of fraudulently and feloniously disposing of and converting to his own use money and property of another held in trust by him without the consent of the owner thereof, committed in the manner and form as follows, to-wit: That said Kelly did in the county and state aforesaid, on the —— day of ———, 1906, and before the finding of this indictment, willfully, fraudulently, and feloniously and without the consent of the owner thereof dispose of and convert to his own use certain property hereinafter described and same was felonious and fraudulent, in this: that said Kelly was on or about February 15th, 1898, by the regular

judge of the Trigg circuit court, duly and legally appointed master commissioner of the said Trigg circuit court, accepted said appointment, took the oath of office and executed bond as required by law as such master commissioner, and entered upon the discharge of the duties of said office, and acted as such master commissioner until February 6th, 1902. That on February 6th, 1902, he was reappointed by the regular judge of said court, master commissioner of said court, took the oath of said office, executed bond as required by law as such master commissioner, and again entered upon the discharge of the duties of said office, and acted as such and was the legally appointed master commissioner of said court continuously from February 15th, 1898, up to February 8th, 1906. That the time said Kelly was appointed said master commisisoner of said court as aforesaid on February 15th, 1898, there was in the custody and under the control of said court a sum of lawful money of the United States and notes and other evidences of debt amounting to about $8,000.00, which came from the estate of L. Bryan, and was held by said court for the use and benefit of V. K. Blakely and her children, and was the property of said Blakely and her children under and according to the judgment and orders of said court rendered in the suit of L. Bryan, Administrator, v. V. K. Blakely and Others, that said funds or sums of money, notes, and evidences of debt were by M. M. Hanberry, late master commissioner of said court, turned over to said Kelly on his first appointment as said master commissioner. Said Kelly accepted and took same into his possession and control as such master commissioner of said court under order of said court directed to take charge thereof and to be governed in the collection and loaning of

said fund by the order theretofore made therein. That said Kelly having said trust fund in his possession and control, as aforesaid, did then and there willfully, fraudulently, and feloniously dispose of and convert to his own use about four thousand seven hundred and sixty-one ($4,761.52) dollars and fifty-two cents worth of said trust fund consisting of lawful money of the United States, and notes and other evidences of debt, without the consent of the said V. K. Blakely or her children or either of them, and without the consent, order or direction of the said Trigg circuit court. And in violation and disobedience of the orders and decrees of the said court. The grand jury aforesaid further says that the exact amount of said money, and the exact amount of said notes and other evidences of debt converted to his own use and disposed of as aforesaid by the said Kelly is to the grand jury unknown. Done against the peace and dignity of the commonwealth of Kentucky.''

''An act to make it unlawful for a person to fraudulently dispose of the property of another, and to provide a punishment therefor.

''Be it enacted by the General Assembly of the commonwealth of Kentucky:

''Section 1. That any person who shall sell, dispose of or convert to his or her own use or the use of another, any money, property, or other thing of value, without the consent of the owner thereof, shall be punished by confinement in the penitentiary for not less than one nor more than five years; if the money, property, or other thing of value, so sold, disposed of or converted to his or her own use be of the value of twenty dollars or more; or be confined in the county jail for not less than one nor more than

twelve months if the value be less than twenty
dollars." Acts 1902, p. 151, c. 66.

In the case of Commonwealth v. Barney, 115 Ky.
475, 24 Ky. Law Rep. 2352, 74 S. W. 181, the statute
under consideration came before this court for the
first time. It was there held that the law was consti-
tutional, and that it was not necessary that the word
"embezzlement" should be used, although the act was
manifestly an extension of the statutes of the state
to prohibit the misappropriation by trustees of trust
funds; but it should be construed to include only the
misappropriation of funds or property held in a
fiduciary capacity; and therefore it was necessary
that the fiducial relation existing between the accused
and the owner of the property alleged to be misap-
propriated should be charged. The indictment in this
case was evidently drawn under the light of the
opinion in the case cited, and it clearly contains every
allegation which was there held to be essential to
constitute the offense under the act under discussion.
It is, however, earnestly insisted by appellee. and it
was doubtless the opinion of the trial court, that the
indictment in this case was defective, in that it fails
to allege that a demand for the trust money of the
defendant, or a refusal on his part to pay, and the
soundness of this position is the question before us
on this appeal.

It may be conceded that the authorities are not
altogether harmonious upon the question of the neces-
sity of a demand being alleged in an indictment for
an offense such as the one charged here. A good
deal of this want of harmony in the adjudged cases
doubtless grows out of the difference in the language
used in the various statutes creating the offene. As
embezzlement is wholly a statutory offense, of neces-

sity its constituent elements in the different states vary with the difference in the requirements of the statutes creating it. Of course, where the statutes require a demand as a prerequisite to the etablishment of the offense, the allegation of a demand must always be made. Under our statutes the offense is complete when the trustee fraudulently and feloniously misappropriates the trust fund by wrongfully converting it to his own use; and there is nothing in the language used to indicate an intention to make a demand necessary. Undoubtedly a demand, and a wrongful refusal on the part of the trustee to pay over the trust fund to the owner, would be considered vital evidence in establishing the fraudulent intent of the conversion, but it is not necessary to constitute the crime. We apprehend, if the trustee should wrongfully misappropriate the funds of his cestui que trust and flee the state, so that no demand could be made of him, a demand would hardly be considered necessary to establish his crime.

We are referred with great confidence by the appellee to the case of Commonwealth v. Lewis, 12 S. W. 266, 11 Ky. Law Rep. 421, as establishing the principle that in a case like the one at bar a demand of the trust fund is a necessary allegation in an indictment for the crime of embezzlement. Assuming that this case is in point, it was, for all practical purposes, overruled in the case of Commonwealth v. Fisher, 113 Ky. 491, 68 S. W. 855, 24 Ky. Law Rep. 300, where on the question of demand being necessary to constitute the offense of embezzlement under section 1205, Ky Stats., 1903, it was said: "The indictment is clear and explicit in averring all the facts necessary to constitute the offense denounced by the statute, and it has never been held that a demand for

the restoration of stolen property was necessary in order to secure a conviction. The taking with fraudulent and felonious intent of property, and to convert it to the use of the taker, and permanently deprive the owner thereof, has always been held to constitute the offense of larceny. So it would seem that under this statute the willful and wrongful taking and converting money of the county to the use of the defendant, with the intent as set out in the indictment, constituted the completed crime of embezzlement. Hence it was not necessary to allege a failure to pay over money. due the county, or allege any demand, or that any order of court has been made to ·that. effect. If defendant in fact ·paid over the money on demand, the same may be shown in his defense." To the same effect is the case of Commonwealth v. Bodley, 31 S. W. 463, 17 Ky. Law Rep. 561, where the constituent elements of the offense of embezzlement are thus stated: "It seems to us that every fact essential to be stated to describe· an offense under the statute has been alleged. The custody of the money, the ownership in the state, the trust to keep and deliver the money, the misappropriation, and use of the money for himself and for his own benefit, and that it was done with the intent to deprive the state thereof, is distinctly and fully· alleged." The soundness of the proposition that the offense of embezzlement is completed when a trustee feloniously and fraudulently misappropriates and converts to his own use the personal property of his cestui que trust, and that no demand for payment, or refusal to pay over on the part of the accused, is necessary to be charged in the indictment, is supported by the following cases: Wallis v. State, 54 Ark. 611, 16 S. W. 821; State v. Tompkins, 32 La. Ann. 620; Commonwealth v.

Tuckerman, 10 Gray (Mass.) 173; Commonwealth v. Hussey, 111 Mass. 432; State v. New, 22 Minn. 76; State v. Reynolds, 65 N. J. Law, 424, 47 Atl. 644; People v. Royce, 106 Cal. 173, 37 Pac. 630. 39 Pac. 524; Keys v. State, 37 S. E. 762, 112 Ga. 392, 81 Am. St. Rep. 63.

For these reasons, the judgment sustaining the demurrer to the indictment and dismissing it is reversed for proceedings consistent with this opinion.