CASE 24.—PROSECUTION AGAINST M. W. ROLAND FOR EMBEZZLEMENT.—June 2, 1909.

# Roland v. Commonwealth

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Defendant convicted and appeals.—Affirmed.

1. Indictment and Information—Duplicity.—An indictment under Ky. St. 1909, Sec. 1358a charging that accused had in his possession money belonging to the different convicts in the state penitentiary, received by him as prison clerk, and that he fraudulently and without the consent of the owners of the fund converted to his own use a sum of the value of more than $20, cannot be held to attempt to state more than one offense, without properly setting forth one, on the theory that the embezzlement of the money of each convict was a separate offense, but states but one offense; the fund belonging to the convicts in common.

2. Embezzlement—Indictment—Sufficiency.—It was not necessary for an indictment charging the prison clerk with the embezzlement of money belonging to the different convicts in the state penitentiary to name the convicts whose money had been deposited with him.

3. Embezzlement—Defenses.—On a charge of embezzlement against the prison clerk of money belonging to the different convicts in the state penitentiary, it is immaterial that the convicts did not voluntarily place their money in the hands of the clerk, but were required to do so by the prison commissioners.

4.  Criminal' Law—Appeal—Review—Ruling on Motion for New
    Trial.—The Court of Appeals cannot consider an affidavit
    filed on a motion for new trial to show misconduct of the
    jury, as a ruling of the lower court on motion for new trial is
    under the Code not subject to exception.

SCOTT & HAMILTON, W. B. O'CONNELL, LESLIE MORRIS
and GUY H. BRIGGS for appellant.

JAS. BREATHITT Attorney General and TOM. B. McGREGOR,
Assistant Attorney General for Commonwealth.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

M. W. Roland was the prison clerk of the Ken-
tucky penitentiary at Frankfort, Ky., and as such had
the custody of the money belonging to convicts in the
penitentiary.    The rule was that, when a convict
came the money that he had or that he afterwards
received was taken from him and put in the hands
of the prison clerk to keep, and, as he paid it out for
the convicts, he credited himself with the amount so
paid out. After he had been in office some years, he
confessed to one of the commissioners that he was
behind in his accounts, and, an investigation having
been made, it was learned that the amount due from
him to the convicts was $2,128.08, and that he had in
his hands $274.61, leaving a net shortage of $1,853.47.
Roland explained his shortage by saying that he was
in debt when he came to Frankfort to take the posi-
tion, that he had used $250 of the money to pay on
his old debts, and that he had afterwards sent money
to his brother in Boston on several occasions when he
had to have an operation performed to save his life.
He was indicted by the grand jury under section
1358a, Ky. St., which is as follows: ''That any person
who shall sell, dispose of or convert to his or her own
use or the use of another, any money, property or

other thing of value without the consent of the owner thereof, shall be punished by confinement in the penitentiary for not less than one nor more than five years; if the money, property or other thing of value so sold, disposed of or converted to his or her own use be of the value of twenty dollars or more; or be confined in the county jail for not less than one nor more than twelve months if the value be less than twenty dollars." It was charged in the indictment that he had in his possession money belonging to the different convicts in the penitentiary received by him as prison clerk, and held by him as such for them in an amount exceeding $1,200, and that he had fraudulently and without the consent of the owners of the fund converted to his own use, of the amount so in his hands, a sum of money of the value of more than $20. It was alleged that the names of the several owners of the fund were to the grand jurors unknown. He demurred to the indictment. His demurrer was overruled. Thereupon a trial was had, he was found guilty as charged, and his punishment fixed at one year in the penitentiary. To reverse this judgment he appeals.

It is insisted for him that the indictment attempts to charge a score of offenses without properly setting forth one. This position is based upon the idea that the embezzlement of the money of each convict was a separate offense, and that an indictment could not be maintained for the embezzlement of the fund. This is not a proper conclusion. The convicts were required to deliver their money to the prison clerk for safe keeping. He was required to keep the money which they delivered to him. The fund that was in his hands belonged to all of the convicts; the interest

of each in the fund being regulated by the amount he had deposited. When Roland had $2,100 in his hands and spent $1,800 of the money, it could not be said that he had spent all the money of any particular convict, or that he had in his hands all the money of any others. What he had done was to spend out of the fund that belonged to them all in common $1,800. If all of the depositors had put in his hands the same amount of money, it would not be doubted that the fund in his hands was a common fund belonging to them all, in which each had an equal interest. The fact that the deposits were in varying amounts would change the amount of the interest that each depositor had in the fund, but in no manner affected the character of the fund. No convict expected to get back from Roland the particular coin or particular bills which he delivered to him. The nature of Roland's duties required him to put the money together and to pay out of the fund from time to time to the convicts as he was required by the board to do. By section 122 of the Criminal Code of Practice, an indictment must contain a statement of the acts constituting the offense in such a manner as to enable a person of common understanding to know what is intended and with such degree of certainty as to enable the court to pronounce judgment according to the right of the case. The defendant was plainly informed in the indictment that he was charged with appropriating to his own use the money which he received from the convicts in the penitentiary and held in his custody for them as prison clerk. The fund is identified so that any one could understand what was meant. It was entirely unnecessary for the indictment to name all the convicts in the penitentiary who had contrib-

uted to the fund, for the gist of the charge is his appropriation of the fund. It would have served no good purpose to have named the convicts who had deposited the money. By section 128 of the Code it is provided that if an offense involve the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the owner of the property taken is not material. The indictment here sufficiently identifies the wrongful appropriation which the defendant is charged to have made. It charges but one offense. The demurrer was therefore properly overruled.

It is immaterial that the convicts did not voluntarily place their money in the hands of the prison clerk but were required to do so by the prison commissioners. The prison clerk, when he received the money, held it by order of the prison commissioners for the convicts. There is no dispute in the evidence as to the facts. The defendant did not testify or offer any evidence. He stands upon the record as an admitted defaulter for something over $1,800. The verdict of the jury is for the lowest term under the statute. The purpose of the statute is to punish just such misappropriations of the funds of others as is shown here. This court can not consider the affidavit filed on the motion for a new trial to show misconduct on the part of the jury, as the rulings of the circuit court on the motion for new trial are under the Code not subject to exception.

On the whole case we see no error in the record.

Judgment affirmed.