## Commonwealth v. Weddle.

(Decided October 2, 1917.)

### Appeal from Pulaski Circuit Court.

1. Embezzlement—Indictment.—An indictment, charging that the accused, being entrusted by the owner thereof with the custody of the proceeds of three checks amounting in the aggregate to $114.05, converted them, without the consent of the owner, to the use of himself and wife, states an offense under section 1358a, Kentucky Statutes, and not one under section 1202, Kentucky Statutes.

2. Embezzlement—Indictment—Sufficiency.—An indictment charging the embezzlement of "the proceeds of three checks, aggregating in value the sum of $114.05," sufficiently alleges the value of the property converted.

3. Embezzlement—Relations.—Section 1358a, Kentucky Statutes, applies only to misappropriations of funds or property held in a fiduciary capacity, and this relation exists whenever trust or confidence is reposed in a person by reason of the delivery to him of property which he voluntarily takes for safekeeping.

4. Embezzlement—Trial—Question for Jury.—Upon a trial upon the charge of embezzlement, where the evidence shows that the accused received and retained part, and deposited to the credit of his wife, the balance of the proceeds of checks entrusted to him by the owner thereof for the purpose of obtaining and returning

to him the cash thereon, the case should have been submitted to the jury.

W. N. FLIPPIN, M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellant.

WILLIAM M. CATRON and M. L. JARVIS for appellee.

Opinion of the Court by Judge Clarke—Certifying conclusion as to law.

Appellee was tried and found guilty by a jury in the Pulaski circuit court, under an indictment charging him with the offense of unlawfully, fraudulently and feloniously converting to his own use money and property of value, the property of another, without the consent of the owner thereof, he then and there being the agent and servant of and for the owner of said property and money. A motion for a new trial, having been filed, was sustained. From this order, the Commonwealth has appealed for the purpose of having the law certified, as it may do under section 335 of the Criminal Code of Practice.

The questions presented for consideration are: First, whether or not the indictment states a public offense; and, second, whether or not the facts proved by the Commonwealth, if true, constitute a violation of the provisions of section 1358a, Kentucky Statutes. The indictment, omitting the caption, is as follows:

"The grand jury of Pulaski county, in the name and by the authority of the Commonwealth of Kentucky, accuse Sol Weddle of the offense of unlawfully, fraudulently and feloniously converting to his own use money and property of value, the property of another, without the consent of the owner thereof, he then and there being the agent and servant of the owner of said money and property, committed as follows: The said Sol Weddle on the —— day of February, 1917, and before the finding of this indictment and in the county and state aforesaid, he then and there being the agent and servant of and for H. F. Hudson, unlawfully, fraudulently and feloniously and without the consent of the said Hudson, convert to his own use, and to the use of Amanda Weddle, wife of the said Sol Weddle, the proceeds of three checks drawn on the Farmers National Bank of Somerset, Kentucky, aggregating in amount the sum of $114.05, which said checks and money were the property of the said H. F. Hudson as administrator of .............................

Hudson, deceased, and which said checks and money had been then and there entrusted to the care and custody and keeping of the defendant by reason and virtue of said relationship of agency and service, with the fraudulent and felonious intent then and there to permanently deprive the said owners of the said property."

It is contended by appellee that the indictment was an attempt to charge an offense under section 1202, Kentucky Statutes, which imposes a penalty only upon officers and employes of a bank or other corporation, and that as the indictment alleges the defendant was the agent and servant of an individual and not that of a bank or corporation, the offense denounced by that section of the statute is not charged. The indictment clearly does not charge the offense denounced under section 1202 and obviously was not an attempt to charge the defendant with the offense therein denounced. The error, into which counsel for appellee has fallen is, in assuming that it was drawn under that section, for it is clear that it was drawn under section 1358a, Kentucky Statutes, which reads as follows:

"That any person who shall sell, dispose of or convert to his or her own use or the use of another, any money, property, or other thing of value without the consent of the owner thereof, shall be punished by confinement in the penitentiary for not less than one nor more than five years; if the money, property, or other thing of value so sold, disposed of or converted to his or her own use be of the value of twenty dollars or more; or be confined in the county jail for not less than one nor more than twelve months, if the value be less than twenty dollars."

Nor is the indictment subject to the criticism that, under this latter statute, it is defective in failing to allege that the property converted by the defendant was of the value of twenty dollars or more. It is argued that the statement in the indictment that "the proceeds of three checks drawn on the Farmers National Bank of Somerset, Kentucky, aggregating in the amount the sum of $114.05," does not sufficiently state that defendant converted to his own use property of the value of $114.05, or any other sum, but charges only that the three checks aggregated in amount the sum of $114.05, without any allegation that they were of any value whatever. In our judgment, this contention is without merit. The allegation is sufficient to inform the defendant that he is

charged with the offense of converting the proceeds of three checks, which proceeds aggregate in amount the sum of $114.05. The language employed is not susceptible to the construction claimed for the defendant that the three checks, rather than their proceeds, are alleged to aggregate $114.05, without being alleged to be of any value.

The facts proved by the Commonwealth are, in substance, that H. F. Hudson, as administrator of J. P. Hudson, deceased, was the owner and in possession of three checks aggregating $114.05, which he delivered to the defendant with the request that the defendant, with whom Hudson made his home, take the checks to the bank upon which they were drawn in Somerset, Ky., get the cash on them and bring it back to Hudson; that the defendant, as requested by the owner, took the checks to the bank upon which they were drawn, but, instead of cashing them and taking the proceeds to the owner, deposited them to the credit of his wife, with the exception of two dollars, which he received in cash, but did not deliver to Hudson; that, on his way home that afternoon, he engaged in a sham fight in which his clothing was cut in several places; and that he reported to Hudson that, upon his way home, he had been attacked by three negroes and robbed of the money.

In depositing the proceeds of the check, with the exception of the two dollars which he retained, to the credit of his wife, appellee clearly converted the entire $114.05 to the use of himself and of his wife, as charged in the indictment. This evidence further showed that the checks were the property of another; that they were of the value of $114.05; and that they came into the possession of the defendant lawfully and as the agent of the owner. This was sufficient to establish the offense denounced by section 1358a, Kentucky Statutes. This section was enacted March 21, 1902, and its very purpose was to provide a penalty for the fraudulent conversion of property by one who had acquired its possession lawfully by reason of some confidence or trust reposed in him by the owner. Prior to the enactment of this statute, such conversion was but a breach of trust and was not punishable criminally. Farmer v. Commonwealth, 28 R. 1369; Commonwealth v. Barney, 115 Ky. 475; Commonwealth v. Kelly, 125 Ky. 245; Roland v. Commonwealth, 134 Ky. 170.

In the case of Commonwealth v. Kelly, *supra*, it is said with reference to the statute and its application: "But it should be construed to include only the misappropriation of funds or property held in a fiduciary capacity; and therefore it was necessary that the fiducial relation existing between the accused and the owner of the property alleged to be misappropriated should be charged." It is argued by counsel for appellee that the proof here does not show that the property was held in a fiduciary capacity, and it is not shown that fiducial relations existed between the accused and the owner of the property. This language was not employed in any technical sense and clearly included every fiducial relationship of trust or confidence, because the court in that case cited with approval the case of Commonwealth v. Barney, *supra*, wherein this trust relationship is defined to be "the element of trust or confidence reposed in a person by reason of the delivery of property to him, which he voluntarily takes for safekeeping, and which trust or confidence he has violated by the wrongful conversion of the property." In that case, where this statute was first construed, this court also said:

"But until the enactment of the statute now being considered, clerks and servants of individuals not bankers, and not incorporated, and bailees, and others who had come into the possession of property rightfully and by reason of some confidence or trust reposed in them by the owner, and who subsequently fraudulently converted it, were held in this state to be guilty only of breaches of trust—not punishable criminally. . . .

"It must have been, then, to meet the 'breach of trust' cases above alluded it, that the statute was provided; thereby making a complete, consistent system of treatment of the subject in hand."

The facts proved in the case at bar clearly bring it within the inhibition of this statute and warranted its submission to the jury. The instructions given by the court are unobjectionable, except in so far as they prescribe the penalties, which should have been those prescribed by this statute.

Wherefore, these conclusions are certified to the court below.