## Shackleford v. Commonwealth.

(Decided Oct. 5, 1937.)

W. W. POINTS, W. J. STONE and W. L. HAMMOND for appellant.

HUBERT MEREDITH, Attorney General, and JESSE K. LEWIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Edd Shackleford is appealing from a judgment of conviction for the conversion of money or property as denounced by section 1358a, Kentucky Statutes, carrying a penalty of two years' imprisonment.

The indictment in the accusatory part charges "the crime of unlawfully and feloniously converting the property of another" and in the descriptive part it is charged in substance that he unlawfully, willfully, maliciously, and feloniously procured a check issued to Nancy Jackson for the sum of $26, and without permission from her or her legally appointed, qualified, and acting guardian indorsed her name upon the check by him and cashed same, and falsely and fraudulently converted same or the proceeds thereof to his own use against her will and consent and with the intention of permanently depriving her of her property therein.

The court overruled a demurrer to the indictment and the alleged error in so doing is the principal ground urged for reversal.

It is urged by counsel for appellant that the indictment is defective in that it does not allege or charge any relation of confidence or trust between appellant and the owner of the thing alleged to have been converted, and the case of Commonwealth v. Barney, 115 Ky. 475, 74 S. W. 181, 24 Ky. Law Rep. 2352, and other cases following that opinion are cited as supporting appellant's contention, however, counsel for the Commonwealth takes the view that, if the indictment is not good under section 1358a of the Statutes, it was intended to and does embody every necessary element of grand larceny and is good as an indictment for that crime. Clearly the indictment was intended to, and does charge, unlawful conversion and not larceny, so the only question to be determined is whether in the descriptive part the indictment contains the essential elements of the former offense.

To be good, an indictment must charge a public offense in the accusatory part and state necessary facts constituting such offense in the descriptive part. Lynch v. Commonwealth, 248 Ky. 210, 58 S. W. (2d) 408. Ordinarily an indictment for a statutory offense in the language of the statute is sufficient, Dorroh v. Commonwealth, 236 Ky. 68, 32 S. W. (2d) 550, and especially is this true where words of the statute creating the offense are sufficiently descriptive of the offense, Commonwealth v. Fain, 248 Ky. 383, 58 S. W. (2d) 642. The indictment under consideration does follow the words of the statute, as enacted, creating the offense, but in the case of Commonwealth v. Barney, supra, the court has read into the statute words importing a confidential

relationship between the offender and the owner of the thing converted, and held that to be good an indictment under the statute must charge such a relationship. The reason for the court's conclusion in the Barney Case is fully set forth in the opinion, and the rule enunciated in that opinion has been recognized and consistently followed. See Farmer v. Commonwealth, 91 S. W. 1129, 28 Ky. Law Rep. 1368, 1369; Commonwealth v. Kelley, 125 Ky. 245, 101 S. W. 315, 30 Ky. Law Rep. 1293, 15 Ann. Cas. 573; Commonwealth v. Weddle, 176 Ky. 780, 197 S. W. 446; Roland v. Commonwealth, 134 Ky. 170, 119 S. W. 760.

It is further argued that the court erred in refusing to admit competent evidence on behalf of appellant. In relating the conditions under which he claimed to have received the check to be delivered to the payee and the efforts he made to deliver it, appellant attempted to detail his conversations with others. Of course he had the right to state the understanding or conditions under which he received the check and any good faith efforts he made to deliver it, but it was unnecessary for him to detail his conversation with others and the court did not err in refusing to permit him to do so.

It is further argued that the court erred in not giving an instruction embodying appellant's defense or claim that he turned the money over to another to be delivered to Nancy Johnson. If in any event such an instruction would have been authorized, there was no evidence to warrant its being given in this case.

For the reasons indicated the judgment is reversed, and cause remanded for proceedings in conformity with this opinion.