**Orville Oscar DUBLIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1963.

Rehearing Denied Dec. 13, 1963.

Robert B. Reed, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Orville Oscar Dublin was convicted of conversion of a motor vehicle and was sentenced to serve one year's confinement. KRS 434.040. On appeal he urges that the indictment is defective for failure to follow the statute, for failure to charge a confidential relationship, and for charging two offenses in the same indictment. He also insists that the evidence does not sustain the verdict and that the jury was not properly instructed.

Appellant was the president of Dublin Autos, Incorporated, an auto dealer in Murray. From time to time his agency had purchased a large number of automobiles from Amsko Distributors, Incorporated, a distributor for Volkswagen cars in New York City. The transaction out of which this offense arose appears to have been typical of the method of handling the delivery, payment, and title transfer.

KRS 434.040 provides:

"Any person who fraudulently converts to his own use, or secretes with intent to convert fraudulently to his own use, any motor vehicle or any part of a motor vehicle delivered to him, shall be punished as provided in KRS 433.220 or 433.230, depending upon the value of the vehicle or part."

The commission of the offense by appellant was charged in the indictment as follows:

"* * * did unlawfully, willfully, feloniously, and without the consent of the owners thereof, fraudulently convert to his own use, or secrete with the intent to convert fraudulently to his own use, six (6) Volkswagen automobiles with serial numbers as follows, to-wit: #3395558, #3290652, #3388805, #3194368, #3217269, and #3429263, of a total value of more than $20.00, as follows: The said Orville Oscar Dublin, acting as an officer of Dublin Autos, Inc., entered into an agreement with Amsko Distributors, Inc., a New York corporation, wherein the said Dublin as said officer of Dublin Autos, Inc., was given possession of the aforesaid 6 automobiles owned by Amsko Distributors, Inc., with the

title papers to be held by Bank of Murray, of Murray, Kentucky, and said title papers for said automobiles to be delivered to the said Dublin only upon payment by him of the sum of $1535.-00 as the purchase price of each of said automobiles to Bank of Murray, said sum to be forwarded by said bank to Amsko Distributors, Inc.

"Notwithstanding the hereinbefore-mentioned agreement, the said Dublin did wilfully, feloniously, and fraudulently convert to his own use or secrete with the intent to fraudulently convert to his own use the aforementioned automobiles by disposing of or secreting same without payment to Bank of Murray of the sum of $1535.00 each to be forwarded to Amsko Distributors, Inc., and without obtaining said instruments of title for said automobiles, all of which was done without the knowledge and consent of Amsko Distributors, Inc., or Bank of Murray, and with the felonious intent to deprive the owners of said property and to fraudulently and feloniously convert same to the use and benefit of the said O. O. Dublin or to secrete same with the intent to fraudulently and feloniously convert same to the benefit of the said Dublin, * * *."

■ It is evident that the indictment did follow the language of the statute. Ordinarily an indictment for a statutory offense drawn in the language of the statute is sufficient. Dorroh v. Commonwealth, 236 Ky. 68, 32 S.W.2d 550. Especially is this true when the words of the statute creating the offense are sufficiently descriptive of the offense. Commonwealth v. Fain, 248 Ky. 383, 58 S.W.2d 642.

■ Likewise, there is no merit in the contention that two offenses are charged. The statute creates a single offense, conversion of a motor vehicle, which may be committed in either of two ways as set forth therein. Criminal Code of Practice, Section 126(1); Knuckles v. Commonwealth, Ky., 261 S.W.2d 667.

■ Further, it was unnecessary to charge a confidential relationship existing between the appellant and the payee. Shackleford v. Commonwealth, 270 Ky. 60, 109 S.W.2d 13, relied on by appellant, is not in point. The Shackelford case involved an indictment under Carroll's Kentucky Statutes, Section 1358a, now KRS 434.220. The reference in KRS 434.040 to two other statutes, KRS 433.220 and 433.-230, involving grand and petty larceny, in order to determine the punishment indicates that KRS 434.040 was designed to cover a special situation in the handling of motor vehicles which should be treated as larceny. There is no defect in the indictment.

■ Concerning the sufficiency of the evidence, the transaction described in the indictment was testified to in detail by an official of Amsko, Incorporated, the owner of the cars, and by an official of the Bank of Murray. The six cars involved were part of a larger order involving eighteen cars, all handled in the same manner. Appellant had paid for twelve of them and secured the title papers from the bank as he had done customarily. The other six cars had been sold and delivered by him without the title papers. Appellant's contention that the titles furnished were defective fails in the face of his acceptance of the same type titles on the other twelve cars involved.

■ The assertion that the court should have instructed the jury that if they believed the cars were purchased on credit the defendant had the right to dispose of them merits no consideration. Other than the bare assertion, there is no argument or authority given sustaining it. Further, appellant's motion for a new trial failed to point out wherein the court had failed to instruct the jury. There is nothing to consider. Grayson v. Commonwealth, Ky., 354 S.W.2d 761.

Judgment affirmed.