Orville Oscar DUBLIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 25, 1964.

Rehearing Denied Nov. 20, 1964.

**344**

Robert B. Reed, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., Joseph Nagle, Asst. Atty. Gen., Frankfort, James M. Lassiter, Commonwealth's Atty., Murray, for appellee.

CLAY, Commissioner.

Appellant was convicted under KRS 434.-220(1) of converting to his own use the proceeds of a check for approximately $300, made payable to him for the specified purpose of paying the balance of an indebtedness on an automobile traded to him. Appellant's brief violates material provisions of RCA 1.210 and it is difficult to discern the grounds of this appeal.

Appellant does not contend that the conversion of the proceeds of a check cannot constitute a criminal offense under the statute. See Commonwealth v. Weddle, 176 Ky. 780, 197 S.W. 446. He takes the position that since the indebtedness of the prosecuting witness constituted a lien on the automobile sold to him, she could not suffer a loss. We cannot follow this argument. The proceeds of the check was money of the prosecuting witness held in trust by appellant to satisfy a legal obligation of hers. The existence of the lien did not relieve

her of personal liability, nor did it shield appellant from the charge of conversion.

Appellant's claim that he unsuccessfully sought to carry out the trust was not believed by the jury. There is no merit in the argument that appellant had no criminal intent when the check was given to him since the criminal intent may be found from the circumstances when he converted the proceeds to his own use.

Some complaint is made of the instructions (which we do not find in the record) but no specific error is pointed out.

The judgment is affirmed.