**O. O. DUBLIN, Petitioner,**

**v.**

**Hon. Earl OSBORNE, Judge, Calloway Circuit Court, Respondent.**

Court of Appeals of Kentucky.

March 26, 1965.

Harry H. Boaz, Mayfield, for petitioner.

Martin Glazer, Asst. Atty. Gen., Frankfort, for respondent.

DAVIS, Commissioner.

The petitioner, O. O. Dublin, seeks an order of mandamus against the Honorable Earl Osborne, Judge of the Calloway Circuit Court, which would require the respondent judge to vacate an order committing the petitioner to the penitentiary at Eddyville. The jurisdiction of this Court is invoked pursuant to Kentucky Constitution, § 110.

Dublin was convicted in the Calloway Circuit Court on two separate charges. In each case the verdict and judgment imposed upon him imprisonment for a term of one year. Each of the cases was appealed to this Court, and both judgments of conviction were affirmed. See Dublin v. Commonwealth, Ky., 372 S.W.2d 416, and Dublin v. Commonwealth, Ky., 383 S.W.2d 343. For convenience we shall refer to the conviction affirmed in 372 S.W.2d 416, as the first judgment and the conviction affirmed in 383 S.W.2d 343, as the second.

Trial in the first case was held October 11, 1962; the judgment of conviction in this case was entered the same day. The appeal from that conviction was taken forthwith, and Dublin remained on bond pending the appeal.

The trial in the second case took place February 28, 1963, and while the appeal in the first case was pending. The judgment of conviction in the second case was entered February 28, 1963, and contained, among other things, the following language:

"* * * it is the sentence of this Court that the defendant be confined in the State Penitentiary at Eddyville, Kentucky for a period of one (1) year at hard labor, said sentence to run concurrently with the sentence on Indictment No. 2413." [Indictment No. 2413 was in the first case.]

The appeal in the second case was docketed in this Court April 15, 1963. RCA 1.060. While this appeal was pending, and without notice, so far as affirmatively appears from the record, the respondent trial judge entered an order in the Calloway Circuit Court in the second case bearing date October 11, 1963, which order, omitting caption, is as follows:

"It appearing that the original Trial Order and Judgment in this matter was entered on February 28, 1963, and recorded in Order Book 5 at page 630; and it has now been discovered that said original Trial Order and Judgment is incorrect in that it erroneously states that the sentence imposed on this defendant by reason of his conviction of the charge contained in Indictment No. 2450 was to run '* * * concurrently with the sentence on the Indictment No. 2413'; it is now the order and judgment of this Court that said original Trial Order and Judgment be amended and corrected to read as follows:

"The sentence imposed by reason of the conviction of the offense charged in Indictment No. 2450 is to run consecutive with the sentence imposed upon this defendant by his conviction of the offense charged in Indictment No. 2413.

"Approved, signed and entered of record on this the 11th day of October, 1963.

/s/ Earl Osborne
JUDGE, Calloway Circuit Court"

The foregoing order was transmitted from the Clerk of the Calloway Circuit Court to the Clerk of this Court by a letter dated November 29, 1963, and was received by the Clerk of this Court December 2, 1963. There was no motion filed at any time by any party to the appeal, or by the circuit judge or circuit clerk, seeking leave of this Court to file the purported amendment to the judgment.

RCr 10.10, which is the same as CR 60.-01, provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

By the terms of the Rule, it is necessary to obtain "leave of the appellate court" to make any correction after an appeal has been docketed in the appellate court. As hereinbefore stated, no such leave was sought or obtained.

It appears that Dublin was committed to the penitentiary following the mandate of this Court upon its affirming the first conviction. According to the petition now before us, which is not denied in this respect, Dublin began to serve his sentence on the first conviction on or about January 17, 1964; he was released from custody and paroled on August 17, 1964, after serving seven months of the sentence. His parole time has now expired. KRS 439.354.

Dublin's petition for rehearing in his appeal from the second conviction was overruled by this Court November 20, 1964, and the mandate of this Court was issued, affirming the judgment of the Calloway Circuit Court, which had been entered February 28, 1963, and which contained the provision that the two sentences were to run concurrently. RCr 11.04. Delk v. Commonwealth, Ky., 285 S.W.2d 169, 57 A.L.R.2d 1406 and cases therein discussed, afford authority for making concurrent sentences of imprisonment imposed at separate trials.

In support of the response filed herein by the respondent is the affidavit of the clerk of the circuit court, wherein that clerk states, in pertinent part:

"The undersigned now states that following the trial and conviction of O. O. Dublin in this Court under criminal indictment No. 2450, the entry in his Minute Book was that the defendant was sentenced by the Honorable Earl Osborne, Judge, to serve one year at hard labor in the penitentiary at Eddyville, Kentucky, the sentence to run 'consecutive' to a term in the penitentiary to which the same defendant had been sentenced after conviction under criminal indictment No. 2413. Through inadvertence and error on the part of the undersigned in preparing and filing a Trial Order and Judgment from his Minute Book, the sentence imposed by conviction under criminal indictment No. 2450 was written and entered to run 'concurrent' with the previous conviction under criminal indictment No. 2413."

■ Whether the circuit clerk's memorandum in the minute book could furnish adequate basis for the trial court's action in changing the earlier judgment may be debated, but it is not a question we need decide. Cf. Commonwealth v. Chambers, 24 Ky. (1 J.J.Marsh.) 108; Johnson v. Commonwealth, 80 Ky. 377; Happy Coal Co. v. Brashear, 263 Ky. 257, 92 S.W.2d 23. Neither are we disposed to explore the problem as to whether the present situation is appropriately an instance of entry of an order *nunc pro tunc*. We are of the view that in any event the particular change under consideration was improper, untimely and illegal.

However, it is our view that a more impelling reason requires that the relief sought be granted. Conceding, with deciding, that there existed adequate basis in the record to warrant the revision of the February 28th judgment, it seems fundamental that some reasonable time limitation must be

imposed upon the right to alter the judgment affecting so substantially the rights of the petitioner. The net effect of the February 28th judgment was to make the one year sentence imposed in the second conviction run concurrently with the sentence in the first conviction. Thus, the real impact of the February 28th judgment was that Dublin would not be required to serve more than one year in the aggregate, including the year's imprisonment imposed by the first conviction. Obviously, the amendment had the effect of doubling the time of confinement imposed on Dublin. That this is a matter of material substance is not subject to debate.

Thus, it is seen that Dublin had fully satisfied the February 28th judgment (by serving the sentence concurrently with that imposed in the first conviction) when the mandate issued from this court on November 20, 1964, affirming the February 28th judgment. It is manifestly improper to impose additional confinement upon him now. It is true that the trial court has judicial discretion whether to impose sentences that will run concurrently or consecutively, and to some extent it may be reasoned that the imposition of concurrent sentences is a matter of judicial "grace." But that does not solve the problem. By parity of reasoning, the trial judge has discretion in fixing the extent of imprisonment when a case is submitted without the intervention of a jury. We suppose it would not be contended that the trial court could impose a one year sentence, see it served, and then conclude that he meant to make it two years and thereby cause the reincarceration of the defendant who had already "paid in full" the actual sentence imposed. In our view, that is the true state of affairs here. ·Under this state of the record, we have no recourse except to grant the relief sought.

The order of mandamus is granted, and the respondent judge is directed to set aside the order of October 11, 1963, and the subsequent order providing for the commitment of the petitioner to the penitentiary.