[No. 8861. Department Two. November 26, 1910.]

C. S. Robinson, *Respondent*, v. Clarence E. Hill, *Appellant*.[1]

Master and Servant—Independent Contractors—Evidence of Relation—Admissibility. In an action for personal injuries, upon an issue as to whether the defendant employed the plaintiff or was only the lessor of the mill, evidence is admissible of conversations had with the defendant relative to a settlement of a prior accident with a casualty company at defendant's suggestion, and as to defendant's taking out casualty insurance covering accidents to the men.

Master and Servant—Independent Contractor—Question for Jury. In an action for personal injuries, a question as to the existence of a contract between the defendant and a third person making such third person an independent contractor, upon disputed evidence, is one of fact for the jury.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered November 12, 1909, upon the verdict of a jury rendered in favor of the plaintiff in an action for personal injuries. Affirmed.

*Robert M. Davis* and *Fred W. Llewellyn*, for appellant, contended, among other things, that evidence of the settlement of the prior accident was inadmissible to show the relation of master and servant. *Smith v. Belshaw*, 89 Cal. 427, 26 Pac. 834; *Johnson v. Owen*, 33 Iowa 512. The construction of the contract was for the court. 11 Ency. Plead. & Prac., 88, 89; *Smith v. Humphreyville*, 47 Tex. Civ. App. 140, 104 S. W. 495; *Anderson v. Tug River Coal & Coke Co.*, 59 W. Va. 301, 53 S. E. 713; *Drennen v. Smith*, 115 Ala. 396, 22 South. 442; Moll, Independent Contractors and Employers Liability, 62. There was no sufficient evidence that plaintiff was the servant of the defendant. 16 Am. & Eng. Ency. Law (2d ed.), 187, 188; *Barclay v. Puget Sound Lumber Co.*, 48 Wash. 241, 93 Pac. 430, 16 L. R. A. (N. S.) 140; *Larson v. American Bridge Co.*, 42 Wash. 224, 82 Pac. 294, 111 Am. St. 904;

[1]Reported in 111 Pac. 871.

*Engler v. Seattle,* 40 Wash. 72, 82 Pac. 136; *State v. Emerson,* 72 Me. 455; *Kelleher v. Schmitt & Henry Mfg. Co.,* 122 Iowa 635, 98 N. W. 482; *Humpton v. Unterkircher,* 97 Iowa 509, 66 N. W. 776; *Linnehan v. Rollins,* 137 Mass. 123, 50 Am. Rep. 287; *Uppington v. New York,* 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550; 2 Street, Foundation of Legal Liability, 468; 1 Pollock, Torts (6th ed.), 78; Moll, Independent Contractors and Employers Liability, 31; *Richmond v. Sitterding,* 101 Va. 354, 43 S. E. 562, 99 Am. St. 879, 65 L. R. A. 445; *Good v. Johnson,* 38 Colo. 440, 88 Pac. 439, 8 L. R. A. (N. S.) 896. The principles governing the trial court in determining an application for a new trial are not altered by the fact that one new trial had already been granted on the same ground. *Railroad v. Green,* 100 Tenn. 238, 47 S. W. 221; *Champion Ice Mfg. & Cold Storage Co. v. Delsignore & Bro.,* 32 Ky. Law 427, 105 S. W. 1181; *Stanberry v. Moore,* 56 Ill. 472; *Judah v. Trustees of Vincennes University,* 23 Ind. 272; *Humbert v. Eckert,* 7 Mo. 259; *Garnett v. Kirkman,* 33 Miss. 389; *Morris v. Warick,* 42 Wash. 480, 85 Pac. 42; *Clark v. Great Northern R. Co.,* 37 Wash. 537, 79 Pac. 1108; *Clark v. Jenkins,* 162 Mass. 397, 38 N. E. 974; *Graham v. Consolidated Traction Co.,* 64 N. J. L. 10, 44 Atl. 964; *Jourdan v. Reed,* 1 Iowa 135; *Wright v. Southern Express Co.,* 80 Fed. 85; *Morse v. St. Paul Fire & Marine Ins. Co.,* 129 Fed. 233; *Wilkie v. Roosevelt,* 3 Johns. Cas. 206, 2 Am. Dec. 149; *Taylor v. Central R. & Banking Co.,* 79 Ga. 330, 5 S. E. 114; *Vickery v. Central R. & Banking Co.,* 89 Ga. 365, 15 S. E. 464; *Moseley v. Rambo,* 106 Ga. 597, 32 S. E. 638.

*Govnor Teats, Hugo Metzler,* and *Leo Teats,* for respondent.

MORRIS, J.—Respondent brought this action to recover damages for injuries sustained while employed in a shingle mill at Edgewood. The complaint alleged that the appellant

was the owner of the mill and the master of respondent. The answer denied that appellant was the master of respondent, and alleged that, as owner of the mill, he had entered into a verbal contract with one J. R. Pineo, whereby Pineo leased the mill, employed and discharged all help, kept the machinery in repair, paid all bills for labor and materials, manufactured all shingles at the mill, and loaded them on cars for shipment, for the sum of sixty cents per thousand, the appellant furnishing the bolts. Other defenses were pleaded, but they are not involved in the question before us. Respondent denied that Pineo was an independent contractor, and upon these issues the case went to the jury, resulting in verdict and judgment for respondent, from which this appeal is taken.

The main errors relied upon for a reversal are in the admission of testimony. It appears that respondent was injured in the same mill the spring before he received his present injury, and he was permitted to introduce evidence of conversations had with appellant relative to a settlement, and of the settlement with the casualty company at appellant's suggestion. This was competent upon the issue as to whether appellant was or was not the master of respondent. Evidence was also introduced of the taking out of casualty insurance covering accidents to the men at work in the mill. This was admissible upon the same issue as to whether appellant or Pineo was the employer and master of respondent. It is true this court has, in a number of cases, held it to be error to inject into the case the fact that a defendant in a personal injury suit is protected by insurance of this character, and such is the undoubted law; but here was a sharp conflict between the parties as to who was running the mill at the time of the accident and who, if either, as between appellant and Pineo, was to respond for the injuries sustained by respondent. Any evidence touching this issue was admissible, and it was competent to show, as an admission by appellant of his liability, that he had previously taken out insurance to

protect himself from the very thing which had happened. The admission of this evidence was carefully guarded by the court, and the jury instructed to consider it for no other purpose. Under such circumstances, there was no error.

Appellant next contends that the evidence clearly establishes that Pineo was running the mill at the time of the accident as an independent contractor, and that the court should have so held upon his motions for a directed verdict and for new trial. There was evidence strongly supporting such contention, and the court below seems to have been impressed with its truth, as upon this ground he had previously granted appellant a new trial upon this same cause of action. But this was a question of fact for the jury; and though the court may have found otherwise had the fact been submitted to him, he could not, for this reason, usurp the function of the jury and override their verdict because he differed with them as to some of the facts, where there was evidence to justify the verdict as returned by the jury. It is true the construction of contracts is a question of law for the court and not of fact for the jury, but here was no question of construction or interpretation of contract. The question submitted to the jury was as to the existence of the contract as alleged by appellant. There was no dispute as to its terms and no controverted interpretation for the court. The question was, did it exist. All the questions complained of by appellant were in the proper submission of disputed questions of fact to the jury, and we find no error.

The judgment is affirmed.

RUDKIN, C. J., CROW, DUNBAR, and CHADWICK, JJ., concur.