## Commonwealth v. Bain.

(Decided October 20, 1931.)

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellant.

J. H. TAYLOR for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

An indictment was returned against Joe Bain in the
Bell circuit court charging him with the crime of fraudu-
lently converting to his own use, money and other prop-
erty of Allie Bain, city tax collector of Pineville, and of
the city of Pineville, of the value of more than $20. The
court sustained a demurrer to the indictment, and the
commonwealth has appealed under section 337 of the
Criminal Code of Practice.

Manifestly, it was intended by this indictment to
charge appellee with the offense described in section
1358a, Ky. Stats., as every element of the offense therein
described is specifically and aptly charged. The section
referred to is as follows:

"That any person who shall sell, dispose of or
convert to his or her own use or the use of another,
any money, property, or other thing of value without
the consent of the owner thereof, shall be punished
by confinement in the penitentiary for not less than
one nor more than five years; if the money, property,
or other thing of value so sold, disposed of or con-
verted to his or her own use be of the value of
twenty dollars or more; or be confined in the county
jail for not less than one nor more than twelve
months if the value be less than twenty dollars."

The reason for the action of the lower court in sus-
taining the demurrer does not appear in the record, but
we are informed by appellant's brief that it was based
on the theory that the allegations of ownership of the
property as in Allie Bain, city tax collector, and in the
city of Pineville were insufficient. An indictment under
this section or under other sections involving conversion,
embezzlement, or larceny would not be defective because
it charged the ownership of the property to be in two or
more different persons.

A municipal corporation is a legal entity, capable
of owning property which may be the subject of conver-
sion, embezzlement, and kindred offenses, and we know
of no legal reasons why such municipality may not enjoy
joint ownership with another in such property. We
assume, however, that the lower court was of the opinion
that the money and other property referred to in the

indictment were funds collected for the city in way of taxes due it, and that Allie Bain had no right of property therein. Even if the money and property referred to represents taxes collected for and due the city, Allie Bain may have had an interest therein in the way of commissions which she was entitled to retain when accounting to the city, but, in any event, if this fund was in her custody or possession, actual or constructive, and she was under an obligation to account to the city, she had what is termed a special ownership of the property, and allegations of either absolute or special ownership are sufficient. Wharton's Criminal Law, sec. 1170 and cases cited in notes.

In Meacham v. State, 45 Fla. 71, 33 So. 983, 984, 110 Am. St. Rep. 61, the court, in dealing with this question in an embezzlement case, stated:

> "Nor do we think it at all necessary that the alleged owner shall be proved to be the absolute owner of such property in order to warrant a conviction. If he has a qualified or special property in the goods embezzled, it will be sufficient."

In 20 Corpus Juris, 415, we find authority for the doctrine that a special or qualified property is sufficient to sustain the charge in an indictment. Authorities seem to be agreed that the usual and better practice in cases similar to this is to allege the ownership of the property in separate counts. The purpose of charging the ownership is threefold; the first to show that the title or ownership is not in the accused, as he cannot be held for converting his own property; the second to bring notice to him of the particular offense which he is called to answer; and the third to bar subsequent prosecution of the accused for the same offense. The indictment in question obviously meets the threefold requirement.

The same rule applies in charging the ownership of property under section 1358a, supra, and kindred sections, as does in larceny indictments. In larceny cases, if the property belongs to joint owners, it must be so charged in the indictment, but, if one of the joint owners has a special or qualified property in the thing stolen, it may be laid as his. A larceny indictment which charges that the ownership of the stolen property in one person is sufficient to warrant a conviction, even though it may develop that the property belonged to that person and to others jointly. Mullins v. Commonwealth, 12 S. W. 137,

11 Ky. Law Rep. 345; Roberson's New Ky. Criminal Law, sec. 814. We see no good reason why the converse of this rule should not be true and a conviction upheld if the alleged ownership was in two or more persons jointly, and if it should develop that the ownership was actually in one person designated.

Following the modern trend of this court in disregarding the hypercritical technicalities and refined distinctions of common-law pleading in determining whether the indictment states a public offense and brings notice to the accused of the particular offense with which he is charged, we cannot escape the conclusion that this indictment is sufficient in every material requirement, and that the court erred in sustaining the demurrer.

The judgment is therefore reversed.