# Commonwealth v. Fields.
(Decided Oct. 2, 1936.)

B. M. VINCENT, Attorney General, A. E. FUNK, Assistant Attorney General, and J. E. CHILDERS, Commonwealth's Attorney, for appellant.

L. W. FIELDS, LeROY W. FIELDS, Jr., and D. W. FIELDS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Certifying the law.

The grand jury of Letcher county indicted Kelsey Fields for converting the property of another without the consent of the owner, a crime denounced by section 1358a, Kentucky Statutes. A demurrer was sustained to the indictment, and the indictment was dismissed. The commonwealth appeals for the purpose of having the law certified.

The indictment reads as follows:

"The Grand Jury of the County of Letcher, in the name and by the authority of the Commonwealth of Kentucky, accuse Kelsey Fields of the crime of unlawfully, fraudulently and feloniously converting to his own use money of value, the property of another, without the consent of the owner thereof, committed in manner and form as follows, to-wit:

"The said defendant Kelsey Fields in the County of Letcher, on the 20th day of April A. D. 1936, and before the finding of this indictment, did unlaw-

fully, willfully, feloniously, and fraudulently, he then and there being the agent, servant and collector of and for F. G. Fields, Justice of the Peace of Letcher County, unlawfully, fraudulently and feloniously, and without the consent and against the will of the said F. G. Fields, Justice of the Peace as aforesaid, convert to his own use the sum of $101.55, collected by the said Kelsey Fields from Elk Horn Coal Corporation, and representing various sums and amounts held by the said Elk Horn Coal Corporation as garnishee defendant in various civil actions pending in the court of the said F. G. Fields, Justice of the Peace of Letcher County, Magisterial District No. 1 thereof, which said money had then and there been entrusted to the care, custody and keeping of the said Kelsey Fields by reason aforesaid and virtue of the said agency, service and clerkship, existing as aforesaid, and that he the said Kelsey Fields collected said moneys and disposed of the same with the fraudulent and felonious intent then and there to permanently deprive the owner thereof of their property therein, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky.''

The indictment was held insufficient on the ground that it failed to name the owner of the property converted. The Commonwealth insists that the indictment is sufficient under the rule laid down in Roland v. Commonwealth, 134 Ky. 170, 119 S. W. 760, and Commonwealth v. Bain, 240 Ky. 611, 42 S. W. (2d) 876. In the first-mentioned case Roland, the prison clerk, was indicted for embezzling funds belonging to the convicts in the penitentiary. The indictment alleged that the funds embezzled belonged to the convicts, and that the names of the several owners of the funds were unknown to the grand jurors. The indictment was held sufficient, although it failed to name the convicts whose money was deposited with Roland, the clerk. In the case of Commonwealth v. Bain, Bain was indicted for fraudulently converting to his own use money and other property of Allie Bain, city tax collector of Pineville, and of the city of Pineville, of the value of more than $20. Not only did the indictment allege ownership of the property in the city, but also in the tax collector. It was held that a tax col-

lector has special ownership of taxes collected as regards conversion of such property, and allegations of either absolute or special ownership are sufficient. It was further held that an indictment involving conversion was not defective in that it charged ownership of the property in two or more different 'persons. The indictment under consideration did not name the owner or owners of the property converted, nor did it state that their names were unknown to the grand jurors, nor was the offense described in other respects with sufficient certainty to identify the act and render an erroneous allegation of ownership immaterial. It has always been the rule that ownership of the property embezzled or converted must be stated with the same degree of care as is required in an indictment for larceny. Commonwealth v. Bradley, 132 Ky. 512, 116 S. W. 761. As pointed out in Commonwealth v. Bain, supra, the purpose of charging ownership in embezzlement or conversion cases is not only to show that the title or ownership was not in the accused, but to bring notice to him of the particular offense which he is called on to answer, and to bar his subsequent prosecution for the same offense. The indictment in question does not come up to these requirements. It is so vague, uncertain, and indefinite as to leave the accused in doubt as to the crime charged, and permits several prosecutions for the same offense. It follows that the demurrer was properly sustained.

Wherefore this opinion is certified as the law of the case.