## Robinson v. Commonwealth.

(Decided June 9, 1911.)

## Appeal from Warren Circuit Court.

1. Railroads—Throwing Missile Into Car—Not Likely to Injure—Punishment—There can be no conviction for a felony under Section 794, Kentucky Statutes, for throwing a missile into a railroad car unless it is shown that the thing thrown is calculated to produce death or great bodily harm, and a person or passenger in the car is injured or wounded.

2. Variance—Name of Injured Person not Given—It is a fatal variance in such cases if it is shown that the person struck is not the person named in the indictment, and the act is not otherwise identified in the indictment.

3. Recklesssly Throwing Missile Into Railroad Car—The reckless or malicious throwing of the missile into the car is a misdemeanor although not calculated to produce death or great bodily harm, and no one is injured.

GRIDER & HARLAN for appellant.

JAMES BREATHITT, Attorney General, and THEODORE B. BLAKEY, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Hobson—Reversing.

Section 794, Kentucky Statutes, provides:

"Any person who shall recklessly, wantonly or maliciously throw any stone, stick, club or other missile at or into, or shoot at or into, any engine of any railroad train in this State, or any car attached thereto, on or

in which engine or car there may be any passenger or other person, shall be deemed guilty of a misdemeanor, and, upon conviction, thereof, shall be fined not less than one hundred nor more than five hundred dollars, or imprisoned in the county jail not less than six nor more than twelve months. And if any such stone, stick, club, or other missile so thrown was calculated to produce death or great bodily harm, and any person or messenger, on or in such engine or car attached thereto, shall be injured or wounded, such person so throwing the same shall be deemed guilty of a felony, and be fined in a sum not less than two hundred nor more than five hundred dollars, and imprisoned in the penitentiary not less than one nor more than two years. And should death ensue from such throwing or shooting within one year thereafter, the person guilty of the same, as herein provided, shall be deemed guilty of murder.''

The defendant, Louis Robinson, a boy 14 years old, was indicted under the statute, the charge in the indictment being in these words:

''The said Robinson heretofore, to-wit, on the ———— day of ————, A. D. 191—, in the county aforesaid, did unlawfully, willfully, wantonly, recklessly and maliciously throw into a car attached to an engine of the Louisville & Nashville Railroad Co. and in which car passengers were located and traveling as passengers on said train and the said Robinson did then and there cast and throw a rock, stick, or other missile which was calculated to produce death or great bodily harm and did injure and wound one Rev. P. H. Kennedy and his wife, Mrs. P. H. Kennedy, the same was done knowingly, willfully, maliciously, wantonly and recklessly, and done as aforesaid within the year last past, and against the peace and dignity of the Commonwealth of Kentucky.''

The only witness in the car who testified to what happened in it was Rev. P. H. Kennedy. His testimony is as follows:

''When I got to Bowling Green I got off my train and went into the colored waiting room, waiting for my train to leave for Louisville. While in the sitting room I noticed two colored boys sitting in the waiting room smoking cigarettes. The colored porter came through the room and told the boys they could not smoke in there. The boys put up the cigarettes until the porter

went out, and then they began to smoke again. I asked the boys why they did not stop smoking in the room as the porter had told them to do. The porter came into the room and stopped the boys from smoking again. I told the porter to call the police; that was the way to settle them. When I got on the car I noticed a colored man nod his head toward the boys and then look back towards me. After the train started I saw the colored man walk up into the vestibule as if he was expecting something to happen. The train had not gone far before a rock struck the window breaking the glass and falling inside the car. I examined the rock. There was a colored woman sitting by the window and she jumped up and said she was struck on the arm. I did not see the rock strike her, and don't know whether it struck her or not. The Mrs. P. H. Kennedy named in the indictment is my wife. The rock did not strike me or strike my wife. My wife was not on the train. She was at her home in Henderson. I do not know the name of the colored woman that claimed to have been struck. She lives somewhere in the lower part of the State."

This is all the evidence introduced on the trial except certain testimony by witnesses outside of the car showing that it was the defendant who threw the rock. The defendant was found guilty and his punishment was fixed at confinement in the penitentiary for not less than one nor more than five years.

It will be observed that under the statute, the throwing of a rock or missile into a railroad car is a misdemeanor unless the thing thrown was calculated to produce death or great bodily harm, and a person or passenger in or on the train shall be injured or wounded, in which event the offense is a felony or if death ensues the offense is murder. The evidence only shows that the rock struck the window breaking the glass and falling inside the car, and that a woman sitting by the window jumped up and said she was struck on the arm. This does not show that the rock was calculated to produce death or great bodily harm; it may have been a small rock and not dangerous for all that appears. It does not appear that the woman was injured or wounded. For all that is shown she may have been struck with some of the fragments of the broken glass, or the force of the rock may have been so spent in coming through the glass as

to strike her with not enough force to injure her. The burden is upon the Commonwealth to make out its case beyond a reasonable doubt. Here in both these respects the proof fails to show the facts necessary to constitute a felony.

In addition to this it is charged in the indictment that the persons wounded were the Rev. P. H. Kennedy and wife. The evidence shows that neither he nor his wife were struck by the rock, but that a woman whose name was unknown was struck by it. In such a state of case it may be properly averred in the indictment that the name of the person struck by the missile is unknown to the grand jury, and a conviction may then be sustained, but when it is averred that one person is struck, and the proof shows that another was struck there is a variance between the indictment and the proof, unless the act is otherwise sufficiently identified. Section 128 of the Criminal Code provides:

"If an offense involve the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to indentify the act, an erroneous allegation as to the person injured or attempted to be injured, or as to the owner of the property taken or injured or attempted to be injured, is not material."

In the case at bar there is nothing to identify the act except the name of the persons injured. On the evidence the defendant could only be convicted under this indictment for a misdemeanor as provided in the first clause of the statute, and the court should so have instructed the jury.

Judgment reversed and cause remanded for a new trial.