## Runyon v. Commonwealth.

(Decided June 1, 1926.)

## Appeal from Pike Circuit Court.

1. Embezzlement—Indictment for Embezzlement, Charging that Accused was Agent of Fuel Company and Converted its Money which had Been Intrusted to Him to Use of Another, Held to Sufficiently Charge that Money was Intrusted to Accused by Fuel Company as its Agent.—Indictment for embezzlement, charging that accused was agent of fuel company and unlawfully, fraudulently, and without its consent converted to use of another $2,000.00 of its money which had been intrusted to him, held to sufficiently charge that money was intrusted to accused by fuel company as its agent.

2. Embezzlement—Conviction for Embezzlement Under Statute Applying Only to Corporations Cannot be Sustained, where Proof that Owner of Property Allegedly Embezzled was Corporation is Lacking (Ky. Stats., Section 1202).—Proof of embezzlement, under Ky. Stats., section 1202, relating to embezzlement from corporations, which did not indicate that fuel company whose money was allegedly embezzled was corporation, held insufficient to sustain conviction.

3. Embezzlement—Defendant's Sentence to Year and a Day in Penitentiary Held Proper in Prosecution Under Statute Relating to Embezzlement by Agents of Corporations, Though Proof Failed to

Show that Defendant was Agent of Corporation (Ky. Stats., Sections 1202, 1358a; Criminal Code of Practice, Sections 262, 264).—Defendant's sentence to a year and a day in penitentiary for embezzlement from corporation held proper in prosecution under Ky. Stats., section 1202, though proof failed to show that defendant was agent of corporation, since offense of embezzling individual's money under section 1358a still remained, being logically included in offense charged, in view of Criminal Code of Practice, sections 262, 264.

4. Embezzlement—Statute Relative to Embezzlement of Funds of Individuals Held to Embrace Fraudulent Conversion by Agents, Employees, or Fiduciaries (Ky. Stats., Sec. 1358a).—Ky. stats., sec. 1358a, relative to embezzlement of funds of individuals, held to embrace all cases of fraudulent conversion by agents, employees or fiduciaries, which were formerly denominated breaches of trust and not indictable under other embezzlement statutes.

5. Embezzlement—Proof of Embezzlement of individual's Funds Held Not Variance Under Indictment Alleging Embezzlement of Corporation Funds (Ky. Stats., Secs. 1202, 1358a; Criminal Code of Practice, Secs. 124, 128).—Proof of embezzlement of individual's funds under Ky. Stats., sec. 1358a, held not variance from indictment alleging embezzlement of corporation funds under section 1202, in view of Criminal Code of Practice, secs. 124, 128, where offense was sufficiently described to identify property and act.

6. Criminal Law—Instruction Erroneously Authorizing Maximum Penalty of Ten Years instead of Five as Provided by Statute Held Not Prejudicial, where Penalty Fixed was for Year and a Day (Ky. Stats., Section 1358a).—Instruction applicable to Ky. Stats., 1358a, relative to embezzlement of funds of individual, which authorized maximum penalty of ten years instead of five as provided by such statute, held not prejudicial, where penalty fixed was for year and a day.

7. Criminal Law.—Permitting Commonwealth to ask leading questions held not prejudicial, where same matter was developed without contradiction by other questions which were not objectionable.

J. C. CANTRELL and ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On an indictment for embezzlement, charging him with the fraudulent conversion of $200.00, the property of the Sudduth Fuel Company, a corporation, R. C. Runyon was convicted and sentenced to confinement in the state penitentiary for a period of one year and one day.

The evidence for the Commonwealth tends to show that the defendant was pay roll clerk of the Sudduth Fuel

Company and as such was authorized to draw checks on its banking account; that while so acting he drew a certain check in the sum of $200.00 in favor of J. A. Blackburn which was duly endorsed and collected by Blackburn; that at the time the company was not indebted to Blackburn or to Mel Varney in any sum, but that the check was presented to Blackburn by Mel Varney, who owed him an account for $92.00, which Blackburn credited, giving Varney currency for the excess; that shortly afterward Runyon fled the state but was apprehended, brought back and confessed to the officers of the bank that he had lost this sum in gambling with Varney, and gave him this check in payment of the gambling debt. Defendant did not testify.

It is first urged that the indictment is insufficient in not alleging that the money charged to have been embezzled was entrusted to R. C. Runyon by the Sudduth Fuel Company, as its agent. However, this is untenable as it does charge that Runyon was "then and there an officer, agent, clerk and servant of the Sudduth Fuel Company . . . and did unlawfully, fraudulently and without the consent of the Sudduth Fuel Company convert to the use of the said Mel Varney the sum of $200.00 in good and lawful money of the U. S., the personal property of the said Sudduth Fuel Company, a corporation, the proceeds of a check drawn on the First National Bank of Stone, Ky., by the Sudduth Fuel Company, by R. C. Runyon in favor of J. A. Blackburn, which said sum of money had then and there been entrusted to the care, custody, keeping and under the management of said R. C. Runyon by virtue of said relationship of officer, agent, clerk and servant existing as aforesaid." Clearly the indictment is sufficient in this respect.

2. There is no proof in the record tending in the remotest degree to show that the Sudduth Fuel Company is a corporation, and as the indictment was drawn under section 1202, Kentucky Statutes, which applies only to embezzlement on the part of officers and agents of banks and corporations in order to sustain a conviction for this offense, it must be alleged and proven that the injured party is either a bank or corporation. Morse v. Commonwealth, 129 Ky. 310. True, we have held that a railroad company will be presumed to be a corporation, M. H. & E. R. R. Co. v. Commonwealth, 140 Ky. 256; otherwise the fact of incorporation may be proven by parol, Swann v. Commonwealth, 169 Ky. 565, or by evidence that it is

acting as a corporation, such as printed billheads, letter-heads, &c., Standard Oil Company v. Commonwealth, 122 Ky. 440. But we have never gone to the extent of dispensing with proof of incorporation except in cases of railways, as such companies cannot exercise the right of eminent domain otherwise; and in the case of banks, as they fall within the terms of this section, and also as they must be incorporated in order to do business. It follows that the proof was insufficient in this respect to sustain a conviction on the principal charge.

However, section 1358a, Kentucky Statutes, provides:

"That any person who shall sell, dispose of or convert to his or her own use or the use of another, any money, property or other thing of value without the consent of the owner thereof, shall be punished by confinement in the penitentiary for not less than one nor more than five years, if the money, property of other thing of value so sold, disposed of or converted to his or her own use be of the value of twenty dollars or more; or be confined in the county jail for not less than one nor more than twelve months if the value be less than twenty dollars."

As construed by this court this section embraces all cases of fraudulent conversion of funds belonging to individuals by agents, employes or persons acting in a fiducial capacity which were formerly denominated breaches of trust and not indictable under other embezzlement statutes. Commonwealth v. Barney, 115 Ky. 475.

It is provided by the Criminal Code:

"Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment and may be found guilty of any offense included in that charge on the indictment." Section 262.

"If an offense be charged in the indictment to have been committed with particular circumstances as to time, place, person, property, value, motive or intention, the offense without the circumstances or with part only, is included in the offense, although that charge may be a felony, and the offense without the circumstances a misdemeanor only." Section 264.

In construing these sections it has been held that the common law offense of assault and battery is included in the offense of assault with intent to rob, Barnard v. Commonwealth, 94 Ky. 285; and that the offense of trespass under section 1256, Kentucky Statutes, is included in the offense denounced by section 807 for maliciously disturbing a fixture attached to a railroad track, Commonwealth v. Wells, 112 S. W. 568. Housman. v. Commonwealth, 110 S. W. 236, was an indictment for murder. The proof was conflicting as to whether the death of deceased was due to the wound inflicted by appellant or to the improper treatment of that wound, and it was held proper to instruct the jury under section 1166 for the crime of maliciously cutting and wounding without killing, and section 1242 for cutting in sudden heat and passion without death resulting therefrom, following Bush v. Commonwealth, 78 Ky. 268, in which the same principle was laid down. In the recent case of Meade v. Commonwealth, 214 Ky. 88, upon a review of all of the authorities, it is held that it is proper to instruct upon the crime of detaining a woman against her will with intent to have carnal knowledge with her, under an indictment charging defendant with the crime of attempting to have carnal knowledge of an infant under the age of twelve years. The principle running through all these cases is that even though the offense may not be a degree of the one charged in the indictment, if by omitting the particular circumstance of time, place or person charged in the indictment, the instrument will yet charge a public offense, it is proper to instruct as to it. Here, with the particular circumstance of person (*i. e.*, corporation) omitted, the offense of embezzling trust funds belonging to an individual remains and is logically included in the offense charged.

4. Nor does this create a variance between the allegations of the indictment and the proof. True, section 124 of the Criminal Code provides that the indictment must be direct and certain "as to the offense charged." But it is also provided in section 128, "If the offense involves the commission of or attempt to commit an injury to person or property or the taking of property and is described in other respects with sufficient certainty to identify the act an erroneous allegation as to the person injured or attempted to be injured or as to the owner of the property taken or injured or attempted to be injured is not material."

Construing these provisions together, we have uniformly held that where an offense is sufficiently described in other respects as to identify the property and the act, a misdescription of the owner is immaterial. McBride v. Commonwealth, 13 Bush 337; Jackson v. Commonwealth, 19 Rep. 1197; Commonwealth v. Vineyard, 26 Rep. 543, Commonwealth v. McGarvey, 158 Ky. 570; Bibb v. Commonwealth, 3 R. 726; Robinson v. Commonwealth, 144 Ky. 111; Hennessey v. Commonwealth, 88 Ky. 301.

Here the primary offense charged is embezzlement of the funds of the Sudduth Fuel Company. In other respects the offense is described with sufficient particularity to identify the property and the act, hence it falls clearly within the reasoning of the cases above cited, and is analogous to the Meade case, *supra.* There the defendant was charged with attempting a rape upon a child under twelve years of age. If the proof had shown the injured party to be over that age an instruction could not have been submitted upon the principal charge, but would have been proper on the statutory crime of detention.

It may be added that section 1208, Kentucky Statutes, makes embezzlement of any sum from a bank or corporation a felony, while under section 1358a, the fraudulent conversion of trust funds of $20.00 or more is a felony; of a less sum is a misdemeanor only. Consequently in a prosecution under section 1202, if the amount of the alleged embezzlement is not stated in the indictment or is fixed at less than $20.00, and the proof showed an offense under section 1358a, only a misdemeanor instruction could be given, but when, as in this case, the indictment charges and the proof shows the amount involved to be over $20.00, a felony instruction is proper.

5. The first instruction was applicable to the offense denounced in section 1358a, Kentucky Statutes, except it authorized a penalty upon conviction of from one to ten years in the penitentiary, whereas the penalty fixed by that statute is from one to five years, and is otherwise criticised as assuming certain facts. Perhaps it is erroneous in both respects, but as the penalty fixed was for only one year and a day, and there was no dispute as to the other matters complained of, it cannot be said that appellant's substantial rights were thereby prejudiced.

Another insistence is that the court permitted the Commonwealth to ask leading questions, and there is

ground for this criticism, but as the same matter was developed without contradiction by other questions that were not objectionable, it cannot be said that this was prejudicial.

Wherefore, perceiving no error, the judgment is affirmed.