## Runyon v. Commonwealth.

(Decided December 17, 1926.)

### Appeal from Pike Circuit Court.

Indictment and Information—Proof Under Embezzlement Statute Concerning Individual's Funds Held Not Variance Under Indictment Under Statute Concerning Corporation Funds (Ky. Stats., Sections 1202, 1358a).—Where indictment was apparently drawn under Ky. Stats., section 1202. prohibiting embezzlement of corporation's funds proof establishing offense under section 1358a, prohibiting embezzlement of individual's funds, held not variance, since offense denounced by section 1358a is included in, and is degree of, offense denounced by section 1202.

J. C. CANTRELL and ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant, whom we shall refer to as the defendant, was charged with embezzlement. He was convicted and his puishment fixed at confinement in the penitentiary for two years. The defendant here is the same man as the appellant in the case of Runyon v. Commonwealth, 215 Ky. 689, 286 S. W. 1076. The indictment in this case charges the defendant with having converted to his own use a check for $200.00 drawn by J. H. Bassham on the First National Bank of Stone, Ky., in favor of the Sudduth Fuel Company, which check had been entrusted to the care, custody and keeping of the defendant, by virtue of his service, agency and clerkship for the Sudduth Fuel Company. The proof shows that the defendant endorsed this check and got the money upon it. He has set out seven alleged grounds for reversal.

The first is that it is not charged in the indictment that this money had been entrusted to him by the Sudduth Fuel Company, but if he will read the indictment he will see that it is.

His second and third complaints are that the court erred in admitting and rejecting evidence, but we have carefully gone over the record, and we failed to find any instance wherein his complaint is meritorious.

His fourth complaint is that the court erred in failing to give a peremptory instruction at the close of the Commonwealth's evidence; fifth that the court erred in failing to give a peremptory instruction at the close of all the evidence; sixth, that the court erred in giving instructions, and seventh, that the court erred in failing to give the whole law of the case in the instructions. The basis of all these objections is that the indictment was apparently drawn under section 1202, Kentucky Statutes, and that the proof established an offense under section 1358a of the statutes; but in the case of Runyon v. Commonwealth, *supra,* this same question was passed on, and it was there held that the offense denounced by section 1358a is included in, and is a degree of, the offense denounced by section 1202. Thus it follows that the opinion in the first case is a conclusive answer to the questions he is raising in this case.

It therefore follows that this judgment must be and it is affirmed.