## Runyon v. Commonwealth.

(Decided February 22, 1927.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Accomplice's Evidence Held to Convict of Embezzlement, Where Not Corroborated by Evidence Connecting Defendant with Crime.—Evidence of accomplice held insufficient to sustain conviction for embezzlement, where not corroborated by other evidence tending to connect defendant with commmission of offense.

2. Embezzlement—Evidence Held Insufficient to Sustain Conviction for Embezzlement.—Evidence in prosecution for embezzlement held insufficient to sustain conviction, either as principal, as accessory before fact, as aider and abettor, or as accomplice.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant, G. C. Runyon (indicated as Grover Runyon), was jointly indicted with R. C. Runyon, Mel Varney, Boger Runyon and Ed Chapman for the crime of embezzlement. The indictment charges that R. C. Runyon, then being officer, agent, clerk and servant of the Sudduth Fuel Company, a corporation, did unlawfully, fraudulently and feloniously and without the consent of said company, convert to the use of said Grover Runyon,

Mel Varney, Ed Chapman and R. C. Runyon, the sum of $500.00, the personal property of said company, which sum of money had then and there been entrusted to the care, custody and keeping of said R. C. Runyon by virtue of his relationship to said company as an officer, agent, clerk and servant. Grover Runyon, with Ed Chapman, Mel Varney and Boger Runyon, is charged with then and there being present, consulting, aiding advising, abetting and assisting the said R. C. Runyon, in the conversion of said sum of money to the use of the said parties and that each of them assented thereto with the fraudulent and felonious intent on their part to permanently deprive the said company of its property.

R. C. Runyon was tried and convicted, not for this particular offense but for another transaction constituting a part of his taking money from the Sudduth Fuel Company and converting it to his own use and the use of other parties. One of his cases before this court is Runyon v. Comlth., 215 Ky. 689. The court held in that case that there was no proof in the record to show that the Sudduth Fuel Company was a corporation and that as the indictment was drawn under section 1202 Ky. Stats., which applies to the embezzlement on the part of officers and agents of banks and corporations, it was necessary to prove that the concern from which he took the money was incorporated, and having failed to introduce such proof the conviction could not be upheld under that section but could be upheld under the provisions of section 1358a, Ky. Stats., and the judgment of conviction was affirmed. Another one of the cases of R. C. Runyon was before this court in the case of Runyon v. Comlth., 217 Ky. 388. His conviction was also upheld under the authority of the former opinion. R. C. Runyon was the principal and G. C. Runyon is charged in the case now before us as an accomplice.

R. C. Runyon testified for the commonwealth in this case and stated that he was the payroll clerk for the Sudduth Fuel Company at Huddy, Kentucky; that he had charge of the petty cash and the payroll money for the company; that appellant engaged in gambling with him on the 5th day of January, 1925, and won between $100.00 and $200.00; that Mel Varney also engaged in the game which is known as "craps;" that he got the money that he used to gamble with out of the safe and that Mel Varney saw him get the money out of the safe;

that he did not have any money of his own; that they saw him get the money out of the payroll envelopes; that they played on the desk in the office and that the desk was close to the safe; that G. C. Runyon got a part of the money in the game. On cross-examination he stated that he took the money from the safe and gambled it away; that on the particular date to which the evidence was confined no one gambled with him except appellant and Varney and that appellant won about $100.00; that he knew that he had no money in the safe which belonged to him, but he did not know whether appellant knew that he did not have money in the safe although appellant saw him get the money out of the safe, but he did not know whether appellant knew that the money belonged to the fuel company or to him; that in all he took about $4,000.00 from the company and gambled it away and that the whole of it was gambled away from time to time with Boger Runyon, Ed Chapman, Mel Varney and Grover Runyon. He did not gamble exclusively in the office of the fuel company but occasionally went out to other places and gambled with these boys. He stated that they would come and ask him to have a game with them and that he had suggested to them to come and have a game with him, but he said that they did not force him into the game. On redirect examination, in answer to very leading questions, he stated that appellant knew that he did not have $4,000.00, in the safe that belonged to him; that appellant saw him get money out of the safe; that he saw him take it from the payroll envelopes; that he gambled with him after knowing that he took the money from the payroll envelopes. Or rather these questions were asked him and he answered "yes, sir," to each of them.

G. C. Alberts, auditor of the Sudduth Fuel Company, testified that he had examined the books of the company and that between the 30th day of December and the 4th day of March they showed a deficit of a little more than $4,000.00, but he did not know what became of the money. He did state, however, that he traced some of the checks and that some checks were deposited in the name of appellant. Tom Gaines was introduced as a witness for the commonwealth and he stated that on one occasion he saw appellant, R. C. Runyon, and Mel Varney gambling in the office of the Sudduth Fuel Company, but he did not know whether appellant won any of the money. The

money with which he saw R. C. Runyon gambling was taken from the safe of the company and the payroll envelopes. He stated that appellant saw R. C. Runyon get the money out of the safe. He fixes the time that he saw this as on the night of the 14th of February.

Objection was made to the evidence of Gaines and the court admonished the jury not to consider the evidence for any purpose except as corroborating the time as the 5th day of January.

At the conclusion of the testimony offered by the commonwealth appellant moved the court to peremptorily instruct the jury to acquit him, but the motion was overruled and appellant took an exception. Appellant then testified in his own behalf and admitted that he had gambled with R. C. Runyon in the office of the fuel company on January 5, 1925, and that he won money from him, but he denied that he saw R. C. Runyon get any money out of the safe or out of the payroll envelopes or that he knew the money which R. C. Runyon was using to gamble with on that night belonged to the fuel company. He admitted that R. C. Runyon got money out of the safe and the envelopes on February 14, at the time testified about by Gaines, but denied that he knew it belonged to the company, but when he discovered that he was taking the money from the pay envelopes on that occasion he stopped playing with him. He admitted that he saw R. C. Runyon give Mel Varney a check for $200.00 on the night of January 5th and that he knew that said Runyon used the money to gamble with, but he said he thought the money belonged to said Runyon. At the conclusion of all the evidence appellant again moved for a peremptory instruction and his motion was again denied.

The first instruction tells the jury that if they believe from the evidence to the exclusion of a reasonable doubt that R. C. Runyon unlawfully, wilfully and feloniously converted to the use and benefit of G. C. Runyon money belonging to the fuel company and that the said G. C. Runyon was then and there present and did unlawfully, wilfully and feloniously aid, consult, advise, abet, and assist said R. C. Runyon in said appropriation of said money to the use of said G. C. Runyon, if any was so appropriated, with fraudulent and felonious intent on the part of R. C. Runyon and G. C. Runyon to permanently deprive the said Sudduth Fuel Company of its

property, they should find appellant guilty. The court also gave an instruction on the law of accomplices. The jury found appellant guilty and fixed his punishment at confinement in the penitentiary for one year.

The judgment must be reversed because the evidence of R. C. Runyon, if otherwise competent and sufficient, was not corroborated by other evidence tending to connect the defendant with the commission of the offense

We are of the opinion that the motion for a peremptory instruction should have been sustained on another ground, and that is that there was not sufficient evidence to show that appellant was guilty as an accomplice. Appellant could not have been convicted as a principal because it is not even suggested that he took the money belonging to the fuel company or that he had any part in the taking of it, either directly or indirectly. He could not be convicted as an accessory before the fact because he was not one who was absent at the time of the commission of the offense and yet procured, consented, commanded or abetted another in committing the offense. He could not be convicted as an aider and abettor upon the evidence introduced in this case because there is no proof that he in any way suggested that R. C. Runyon take the money belonging to the fuel company and gamble with it. The question of who are accessories before the fact, after the fact and who are aiders and abettors and accomplices is discussed in the case of Schleeter v. Comlth., 218 Ky. 72, and measuring the evidence by the law approved in that case we fail to see how appellant could have been convicted on this evidence. If he could not be convicted as a principal, or as an accessory before the fact, or as an aider and abettor upon the evidence, neither could he be convicted as an accomplice.

The court erred in overruling appellant's motion for a peremptory instruction directing the jury to acquit him.

Judgment of the lower court is reversed for proceedings consistent with this opinion.