# Oliver v. Commonwealth.

(Decided Oct. 27, 1933.)

VERNON FAULKNER for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

John N. Oliver appeals from a judgment of the Leslie circuit court sentencing him for a term of one year in the penitentiary upon his conviction of the crime of embezzlement. The indictment sought to charge him with the offense denounced by section 1203 of the Kentucky Statutes, which reads:

"If any carrier, porter, or other person to whom money or other property or thing which may be the subject of larceny, may be delivered, to be carried for hire, or any other person who may be intrusted with such property, embezzle or fraudulently convert to his own use, or secrete with intent to do so, any such property, either in mass or otherwise, before delivery thereof at the place or to the person to whom the same was to be delivered, he shall

be confined in the penitentiary not less than one or more than five years.''

The indictment alleged in substance that appellant embezzled and fraudulently converted to his own use $10 which one Taylor Witt had delivered to him to have changed into currency and bills of a smaller denomination.

The proof introduced on the trial disclosed that appellant was a witness in the case of Commonwealth v. Huff, which was tried at the August, 1932, term of the Leslie circuit court. A number of the witnesses lived at a considerable distance from the county seat, some of them in an adjoining county. They desired to convert their witness claims into cash, and, anticipating this situation, Taylor Witt provided himself with $200 in cash, mostly in $10 bills, and was in the circuit clerk's office when the witnesses were given their claims. He purchased the claims at a small discount, and, as none of them amounted to as much as $10 it was necessary for him to secure change for his bills in order to pay the various witnesses. Appellant sold his claim to Witt, who gave him a $10 bill to be changed. Appellant took the bill, went to a store across the street, obtained the change, and gave it to Witt. According to Witt and other witnesses who were present, appellant then asked Witt if there was anything further he could do for him, and Witt thereupon handed him a second $10 bill and asked him to secure the change. Appellant left the clerk's office with the bill and did not return. He admitted that he secured change for one $10 bill and was paid for his claim, but he strenuously denied that Witt gave him a second $10 bill to be changed.

The sole ground relied upon for a reversal of the judgment is that the indictment fails to state a public offense, and the facts relied on by the commonwealth for a conviction do not constitute the crime defined by section 1203. Embezzlement is not an offense at common law but is a creature of statute. The various statutes on embezzlement have been enacted to supplement the defects in the common law of larceny. Under the common-law definition of larceny no one lawfully in the possession of property could commit larceny, since to commit larceny there must be a trespass. Embezzlement statutes are generally intended to reach agents, servants, officers of corporations, and others who oc-

cupy fiduciary relations, and who, because of such relations, come into possession of property lawfully and cannot be guilty of larceny when they convert it to their own use or the use of another. Since embezzlement is purely a statutory offense, only persons within the statutory terms can be guilty of it. Mr. Bishop, in his treatise on The Criminal Law, volume 2, sec. 331, says:

> "Embezzlement statutes, being penal, are to be strictly limited to persons within their words, and not made to include any others though within their obvious spirit and intent."

We have a number of statutes enumerating acts which constitute embezzlement and which are intended to cover various cases of fraudulent conversion of money or other property by persons acting in a fiduciary capacity into whose hands the property embezzled came lawfully. In subdivision 10 of article 3 of chapter 36 of the Kentucky Statutes are a number of statutes defining various species of embezzlement. Section 1358a of the Statutes, which was passed subsequent to the statutes found in chapter 36, was intended to embrace all cases of fraudulent conversion of property not embraced in other embezzlement statutes. Runyon v. Commonwealth, 215 Ky. 689, 286 S. W. 1076. This statute reads:

> "That any person who shall sell, dispose of or convert to his or her own use or the use of another, any money, property, or other thing of value without the consent of the owner thereof, shall be punished by confinement in the penitentiary for not less than one nor more than five years; if the money, property, or other thing of value so sold, disposed of or converted to his or her own use be of the value of twenty dollars or more; or be confined in the county jail for not less than one nor more than twelve months if the value be less than twenty dollars."

It was held in Runyon v. Commonwealth, supra, and Runyon v. Commonwealth, 217 Ky. 388, 289 S. W. 244, that the offense denounced by this section is included in and is a degree of the offense denounced in section 1202. This being true, it is likewise a degree of the offense denounced by section 1203. This section

makes it a crime for any carrier, porter, or other person to whom money, or other property which may be the subject of larceny, may be delivered to be carried for hire, to fraudulently convert such property to his own use, and then provides that any other person who may be intrusted with such property and who converts it to his own use shall likewise be guilty of a crime. The statute clearly intended to refer to a person who was employed, either specially or generally, by the person whose property is converted. It was not intended to apply in a case like the present one where the person who is charged with converting the property was a mere volunteer.

The facts of the case, however, bring it within the provisions of section 1358a. As the amount charged to have been embezzled was less than $20, the offense amounted only to a misdemeanor, and the court should have given the jury a misdemeanor instruction under section 1358a. In Commonwealth v. Weddle, 176 Ky. 780, 197 S. W. 446, 447, the facts were very similar to the facts in the instant case. One H. F. Hudson delivered three checks to Weddle with the request that he take the checks to the bank upon which they were drawn, get the cash on them, and bring the proceeds back to Hudson. Instead of cashing the checks, Weddle deposited them to the credit of his wife. In holding that this constituted an offense under section 1358a, the court said:

"This was sufficient to establish the offense denounced by section 1358a, Kentucky Statutes. This section was enacted March 21, 1902, and its very purpose was to provide a penalty for the fraudulent conversion of property by one who had acquired its possession lawfully by reason of some confidence or trust reposed in him by the owner. Prior to the enactment of this statute, such conversion was but a breach of trust and was not punishable criminally."

Also see Commonwealth v. Barney, 115 Ky. 475, 74 S. W. 181, 24 Ky. Law Rep. 2352, and Commonwealth v. Kelley, 125 Ky. 245, 101 S. W. 315, 30 Ky. Law Rep. 1293, 15 Ann. Cas. 573.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.